IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

EVARISTUS MACKEY,

      Petitioner,

v.                                             Case No. 1:21-cv-00093

C. MARUKA, Warden,
FCI McDowell,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is presently serving a 327-month sentence imposed by the United States District Court for the Eastern District of Louisiana following his conviction on three counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). *United States v. Mackey*, No. 2:00-cr-00316-WBV-1 (E.D. La., Sept. 5, 2001). On February 5, 2021, while incarcerated at FCI McDowell, in Welch, West Virginia, Petitioner filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 2), complaining about the conditions of drinking water at FCI McDowell and its effect on Petitioner's health. (ECF No. 2 at 9-10).

Specifically, the petition contends that Petitioner contracted *H. pylori* from the drinking water and has serious periodontal gum disease. (*Id.*) Petitioner further contends that these conditions, along with his age (then 53) and weight, place him at higher risk of contracting COVID-19. (*Id.* at 10-11). Petitioner further requests compassionate release under 18 U.S.C. § 3582(c)(1)(A), which as amended by the First Step Act, permits a federal court to modify a criminal defendant's sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). "[U]pon motion from the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . , [the court] may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a)[.]" 18 U.S.C. § 3582(c)(1)(A). The petition documents herein indicate that Petitioner's administrative request for compassionate release was denied by the Warden at FCI McDowell on or about August 8, 2020. (ECF No. 2-1 at 22, Ex. K). Two weeks after filing the instant petition, Petitioner was transferred to USP Hazelton, and is now incarcerated at USP Florence – High, in Florence, Colorado.

## DISCUSSION

To the extent that Petitioner's petition complains about or seeks relief based upon his conditions of confinement at FCI McDowell, such claims are not appropriate for resolution in a habeas corpus proceeding. Instead, they are properly brought, if at all, in a civil rights complaint under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971). A *Bivens* action is a judicially created

damages remedy which is designed to vindicate violations of constitutional rights by federal actors.[1]

In reviewing an application for relief under 28 U.S.C. § 2241, the court must consider whether the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A § 2241 petition is appropriate where the prisoner challenges the fact or length of confinement, but, generally, not the conditions or location of that confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973); *Ajaj v. Smith*, 108 F. App'x 743, 744 (4th Cir. 2004). While the Fourth Circuit has not definitively found in a published opinion that conditions claims may not be raised in habeas corpus, its courts have repeatedly found that such claims are more appropriately addressed in civil rights complaints. *See Rodriguez v. Ratledge,* 715 Fed. App'x 261, 265 (4th Cir. 2017) (transfer to a different facility is not cognizable under § 2241 because it is a challenge to "the conditions of [ ] confinement, not its fact or duration."); *Farabee v. Sheriff of Dinwiddie Cnty.*, No. 2:22-cv-279, 2023 WL 6153572, at *4-5 (E.D. Va. July 6, 2023), *report and recommendation adopted*, 2023 WL 6149874 (E.D. Va. Sept. 19, 2023) (collecting cases finding that conditions of confinement claims are not cognizable under § 2241); *Roudabush v. Warden*, No. 8:18-cv-1818, 2018 WL 3979858, *1 (D.S.C. July 18, 2018) (finding a § 2241 petition improperly raised claims of harassment, unsanitary food, and lack of mental health care); *Rivernider v. Joyner*, No. 9:17-cv-1894, 2018 WL 4560716,

---

1  On the same date that Petitioner filed the instant petition, he also filed a civil rights complaint challenging the condition of the drinking water at FCI McDowell, his alleged contraction of *H. pylori*, and alleged deliberate indifference to his medical needs resulting therefrom. *See* Compl., *Mackey v. Maruka*, No. 1:21-cv-00092, ECF No. 2 (S.D.W. Va., Feb. 5, 2021). That matter was dismissed without prejudice by the court on September 9, 2021. *Id.*, ECF No. 29.

n. 2 (D.S.C. Jan. 17, 2018) (dismissing claims concerning conditions of confinement to the extent such claims were asserted in a § 2241 action); *Hargrove v. Masters*, No. 1:15-cv-06930, 2017 WL 712758 *2 (S.D. W. Va. Feb. 23, 2017) (J. Faber) (finding that petitioner's challenge to his conditions of confinement was properly construed as a *Bivens* action "because 'challenges to the conditions of [] confinement are not cognizable under § 2241, but instead must be pursued through a *Bivens* action…'"); *Crooker v. Stewart*, No. ELH-14-1972, 2015 WL 1210209, *3 (D. Md. March 13, 2015) (finding that alleged violations of the Eighth Amendment should be addressed by a *Bivens* or § 1983 action, not in a § 2241 petition). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's claims concerning his conditions of confinement are not cognizable under 28 U.S.C. § 2241.

Moreover, to the extent that Petitioner seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), such relief may only be granted by the prisoner's sentencing court, which in this case is the United States District Court for the Eastern District of Louisiana.[2] *See* 18 U.S.C. 3582(c)(1)(A); *see also Balaban v. Warden, FPC Alderson*, No. 1:20-cv-00481, 2020 WL 13695095, *4 (S.D.W. Va. Nov. 6, 2020); *Knight v. Reherman*, No. 1:20-cv-00315, 2020 WL 6573321, at *2 (S.D.W. Va. Aug. 5, 2020), *report and recommendation adopted*, 2020 WL 6572623 (S.D.W. Va. Nov. 9, 2020); *Young v. Warden of FCI Williamsburg*, No. 9:20-cv-1587-DCC-BM, 2020 WL 4195166, *4 (D.S.C. May 27, 2020), *report and recommendation adopted*, 2020 WL 4194629 (S.D.W. Va. July 21, 2020) (This Court "has no authority under the First Step Act to consider a request

---

2  Petitioner did not indicate whether he had sought such relief from his sentencing court and a review of the docket sheet of his criminal case suggests that he has not sought such relief therein.

for compassionate release since Petitioner was not sentenced in this Court. Only a sentencing court can allow a sentence reduction/compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which means that the process must be undertaken in the district court where the prisoner was sentenced."); *Bart v. Reherman*, No. 1:19-cv-00245, 2020 WL 3421774, *6 (S.D.W. Va. Apr. 8, 2020), *report and recommendation adopted*, 2020 WL 3421481 (S.D.W. Va. June 22, 2020) (stating that "[c]ourts in this Circuit and elsewhere have consistently found that a § 2241 petition is not the appropriate mechanism by which to raise a request for compassionate release under § 3582, as such a request must instead be brought in the sentencing court.") (collecting cases); *Deffenbaugh v. Sullivan*, No. 5:19-HC-2-49-FL, 2019 WL 1779573, *2 (E.D.N.C. Apr. 23, 2019) ("If petitioner now seeks to file his own motion for compassionate release, such a motion must be filed in the sentencing court."); *Robinson v. Wilson*, No. 1:17-cv-02630, 2017 WL 5586981, *5 (S.D.W. Va. Sept. 26, 2017), *report and recommendation adopted*, 2017 WL 5586272 (S.D.W. Va. Nov. 20, 2017) ("Like a § 2255 Motion, a § 3582 motion must be filed in the movant's underlying criminal action and addressed by the sentencing court."). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that this court is without jurisdiction to consider Petitioner's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act and cannot otherwise grant Petitioner similar relief under 28 U.S.C. § 2241.

## RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 2) and this civil action from the docket of the Court.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner at **USP Florence – High, where he is now incarcerated**.

October 31, 2023

Dwane L. Tinsley
United States Magistrate Judge